FILED IN CHAMBERS
U.S.D.C. - Atlanta

SEP 2 4 2009

James N. Hatten, Clerk
By: [signature]
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CAN JIN a/k/a DAVID CHOI and
SONG SEN CUI,

    Plaintiffs

v.

TERRACE MORTGAGE COMPANY, GMAC
MORTGAGE, LLC, CITIFINANCIAL
SERVICES, INC., MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC., and DOES 1-10,
inclusive,

    Defendants

CIVIL ACTION NO.
1:09-CV-1640-ODE

ORDER

This action involving allegations of fraud in violation of various Georgia statutes is before the Court pursuant to federal question jurisdiction. Plaintiffs Can Jin ("Jin") and Song Sen Cui (collectively, "Plaintiffs") have filed a motion to remand [Doc. #8], Defendants GMAC Mortgage, LLC ("GMAC") and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Moving Defendants") have filed a motion to dismiss [Doc. #4], and Plaintiffs have filed a motion for declaratory judgment [Doc. #18]. Moving Defendants, along with Defendant Citifinancial Services, Inc. ("Citifinancial"), have filed a response in opposition to the motion to remand [Doc. #9 and #12]. Plaintiffs have filed a response in opposition to the motion to dismiss [Doc. #10], to which Moving Defendants have filed a reply [Doc. #16]. For the following reasons, the Court GRANTS Plaintiffs' motion to remand, DENIES AS MOOT Moving Defendants' motion to dismiss, and DENIES AS MOOT Plaintiffs' motion for declaratory judgment.

I.   <u>Background</u>

Defendants are lenders, servicers, beneficiaries, and/or trustees of a residential mortgage loan entered into by Jin for the purpose of purchasing property in Duluth, Georgia ("the property"). Jin obtained the mortgage for $354,000 from Defendant Terrace Mortgage Company ("Terrace"), and purchased the property for this amount in February 2006 [Doc. #1-2 at ¶ 34].[1] The mortgage was structured as a thirty-year loan with a fixed interest rate of 6.750% [Doc. #10 at 4]. In April 2007, Plaintiff Song Sen Cui obtained a home equity line of credit on the property from Defendant Citifinancial for $15,858.86 at a 20.99% interest rate [<u>Id.</u> at 5]. Subsequently, Terrace assigned the mortgage to Defendant GMAC [Doc. #1-2 at ¶ 37]. Defendant MERS is the beneficiary of the primary loan [Doc. #10 at 4]. The fair market value of the property is currently less than $330,000, and Jin's current debt on the property is higher than its market value [Doc. #1-2 at ¶ 38-39].

Plaintiffs allege that Defendants engaged in a fraudulent scheme to sell them a risky mortgage, and induced them to accept the mortgage and home equity line of credit through misleading and false statements and withholding of material information [<u>Id.</u> at ¶¶ 18-25].[2] Specifically, Plaintiffs allege that Defendants

---

[1] All references to paragraph numbers in Doc. #1-2 refer to the complaint, which begins on p. 12 of Doc. #1-2. Any references to Defendants' notice of removal, which is also included in Doc. #1-2, will refer to Doc. #1.

[2] Due to the imprecise nature of the pleadings, it is difficult to discern which allegations relate to Jin and Plaintiff

failed to clearly disclose whether monthly payments included insurance and taxes, failed to clearly disclose closing costs and fees, made false promises regarding refinancing, fraudulently promised that the property value would increase, steered Plaintiff away from safer loans, and engaged in false marketing tactics designed to mask the true costs and risks of the loans [Id. at ¶ 41]. Plaintiffs' complaint asserts ten counts, as follows: 1) violation of the Georgia Uniform Deceptive Trade Practices Act ("UDTPA"); 2) violation of the Georgia Residential Mortgage Act ("RMA"); 3) breach of implied duty per the Georgia Fair Business Practices Act ("FBPA"); 4) fraud; 5) fraud in the inducement; 6) conversion; 7) quiet title; 8) civil conspiracy; 9) violations of the Georgia Racketeer Influenced and Corrupt Organizations Act ("Georgia RICO"); and 10) petition for interlocutory injunctive relief [Id. at ¶¶ 42-101].

This case was originally filed in the Superior Court of Georgia, Fulton County, on May 12, 2009 [Doc. #1 at ¶ 1]. On June 19, Defendants removed the case pursuant to federal question jurisdiction, asserting that Plaintiffs' Georgia RICO claim presented a substantial federal question because it contained an underlying violation of mail fraud [Id. at ¶¶ 4-5]. All properly

---

Song Sen Cui individually and which are claimed collectively. For purposes of clarity, this order will refer to the allegations as if they are plead collectively by both Plaintiffs. However, this is done merely for descriptive ease and does not constitute a factual finding or judgment regarding the claims.

served defendants consented to removal [Id. at ¶ 9].[3] On June 26, Moving Defendants filed the instant motion to dismiss. On June 30, Plaintiffs filed the instant motion to remand. On September 4, Plaintiffs filed the instant motion for declaratory judgment.

II. Motion to Remand

To determine whether federal jurisdiction exists, the Court will first consider Plaintiffs' motion to remand. Plaintiffs argue that removal to federal court was improper because federal law is not a "necessary element" of their Georgia RICO claim. For the following reasons, the Court finds that removal was improper and remands.

Removal is appropriate when a case filed in state court could have originally been brought in federal court. See 28 U.S.C. § 1441(a). However, a federal court may remand a case back to state court "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The United States Court of Appeals for the Eleventh Circuit has held that "[t]he removal statute should be construed narrowly with doubt construed against removal." See Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996) (citation omitted). Where jurisdiction is uncertain, the Eleventh Circuit favors remand. See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). The party removing the action bears the burden of establishing jurisdiction. Tapscott v. MS Dealer Serv. Corp., 77

---

[3]The properly served defendants are GMAC, MERS, and Citifinancial. Defendant Terrace has apparently not been properly served, [Doc. #1 at ¶¶ 7-9], and Defendants Does 1-10 have not been identified [Doc. #1-2 at ¶ 6].

F.3d 1353, 1356 (11th Cir. 1996), overruled on other grounds by Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000).

Federal courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A plaintiff who has only pled state-law causes of action may be subject to federal jurisdiction if: (1) the state-law claims raise substantial federal questions; or (2) federal law completely preempts the state-law claims. See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 13, 23 (1983). A state law claim raises a substantial federal question when federal law forms an essential element of the claim; specifically, "the federal right or immunity that forms the basis of the claim must be such that the claim will be supported if the federal law is given one construction or effect and defeated if it is given another." Mobil Oil Corp. v. Coastal Petroleum Co., 671 F.2d 419, 422 (11th Cir. 1982) (citation omitted). The mere fact that a court must apply or interpret federal law to determine whether plaintiff is entitled to relief is not sufficient to confer federal question jurisdiction. Rather, the federal issue must be substantial. See Dunlap v. G&L Holding Group, Inc., 381 F.3d 1285, 1290 (11th Cir. 2004). A federal court does not automatically have jurisdiction due to the mere presence of a federal issue in a state cause of action. Merrell Dow Pharms., Inc. v. Thompson, 478 U.S. 804, 813 (1986).

Here, Plaintiff has pled only state law claims and no preemption issue exists. Moving Defendants argue that removal is proper, however, because Plaintiffs' Georgia RICO claim raises a

5

substantial federal question. Specifically, Moving Defendants argue that since Plaintiffs' complaint alleges that Defendants "used the mail in furtherance of their scheme," and mail fraud is a federal crime, federal question jurisdiction is appropriate.

Moving Defendants rely principally on Ayres v. Gen. Motors Corp., 234 F.3d 514 (11th Cir. 2000). In Ayres, purchasers of used cars brought a Georgia RICO action alleging that the manufacturer committed mail fraud by failing to report a component defect, which was required by the National Traffic and Motor Vehicle Safety Act ("Safety Act"). See Ayres, 234 F.3d at 516-17. The Eleventh Circuit held that plaintiffs raised a substantial federal question because resolution of the Georgia RICO claims would rely entirely upon the court's interpretation of the federal mail and wire fraud statutes and their interaction with the Safety Act. Id. at 518.

However, the Eleventh Circuit declined to hold that federal question jurisdiction exists whenever a plaintiff's Georgia RICO claim alleges mail fraud. Id. at 519 & n.10. Rather, the Court determined that the specific issue in Ayres, whether violations of the Safety Act constituted mail fraud, was a matter of "considerable magnitude and substantial federal interest" and therefore that case presented "a federal question substantial enough to confer federal question jurisdiction." Id. at 519, 520 (internal quotation omitted). Observing that its holding was narrow, the Eleventh Circuit found federal jurisdiction because (1) the case required plaintiffs to prove federal mail and wire fraud as an essential element of their state law claims, and (2)

proof of the alleged federal mail and wire fraud crimes involved a "very substantial federal question" Id. at 520.[4]

In the instant case, Plaintiffs' complaint does not allege specific violations of any criminal laws as predicate acts for the Georgia RICO claim [Doc. #1-2 at ¶¶ 91-94]. Rather, Plaintiffs allege generally that Defendants "committed multiple predicate acts of fraud" and that "in order to perpetuate these multiple frauds, defendants used the mail in furtherance of their scheme" [Id. at ¶ 92]. Moving Defendants argue that the Court must infer from this language that Plaintiffs plead federal mail fraud as the predicate act. However, as no federal statutes are cited anywhere in the complaint, it is unclear whether Plaintiffs intended to plead federal mail fraud as the predicate act for their Georgia RICO claim. In light of this uncertainty, the Court cannot conclude that proving a violation of the federal mail fraud statute is an essential element of Plaintiffs' Georgia RICO claim.

Furthermore, even if federal mail fraud were an essential element of the Georgia RICO claim, the question of whether Defendants violated the mail fraud statute in this case is not substantial enough to confer federal question jurisdiction. In Ayres, the Eleventh Circuit based its conclusion that federal jurisdiction existed on the fact that the case required the Court to determine how two federal statutes interacted: the mail and wire fraud statute and the Safety Act. See Ayres, 234 F.3d. at 519-20. In contrast, the instant case only arguably involves the

---

[4] Concluding that both of these factors were present, the Eleventh Circuit did not determine whether either factor by itself would be sufficient to confer federal question jurisdiction.

federal mail fraud statute; a reviewing court would simply have to determine whether Defendants' conduct violated this statute. As the Eleventh Circuit has held, the mere fact that a court must apply or interpret federal law to determine whether plaintiff is entitled to relief is not sufficient to confer federal question jurisdiction. See Dunlap, 381 F.3d at 1291-92. Moreover, since there is no indication that Plaintiffs' Georgia RICO claim would be "supported if the federal law is given one construction or effect and defeated if it is given another," federal question jurisdiction is not appropriate. Mobil Oil, 671 F.2d at 422.

Other courts have concluded that the allegation of federal crimes as predicate acts under a state RICO statute is not sufficiently substantial to confer federal question jurisdiction. See Austin v. Ameriquest Mortgage Co., 510 F. Supp. 2d 1218, 1227 (N.D. Ga. 2007) (citing Graham Commercial Realty, Inc., v. Shamsi, 75 F. Supp. 2d 1371, 1373 (N.D. Ga. 1998), and Bourke v. Carnahan, No. C2-03-144, 2003 U.S. Dist. LEXIS 13399, 2003 WL 23412975 at *5 (S.D. Ohio Jul. 1, 2003)). Specifically, the Northern District of Georgia has held that federal question jurisdiction does not exist where "at most, the Court must determine whether defendant committed a federal violation, which may serve as a predicate act under Georgia's RICO statute." Id. Likewise, this case presents merely the possibility that a court may have to determine whether Defendants' conduct violated the federal mail fraud statute, and does not require the resolution of any substantial federal issues.

Accordingly, the Court holds that Plaintiffs' allegations do not raise a substantial federal question. In light of the lack of

diversity or a federal question, federal jurisdiction does not exist in this case. Therefore, the Court remands the case to the Superior Court of Fulton County.[5]

VI. Conclusion

For the foregoing reasons, the Court GRANTS Plaintiffs' motion to remand [Doc. #8], DENIES AS MOOT Moving Defendants' motion to dismiss [Doc. #4], and DENIES AS MOOT Plaintiffs' motion for declaratory judgment [Doc. #18].

SO ORDERED, this 24 day of September, 2009.

ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE

---

[5]To the extent that Plaintiffs request attorneys' fees incurred as a result of removal pursuant to 28 U.S.C. § 1447(c), such a request is DENIED. See Graham Commercial Realty, Inc. v. Shamsi, 75 F. Supp. 2d 1371, 1374 (N.D. Ga. 1998) (noting that an award of attorneys' fees under § 1447(c) is solely at the court's discretion). In light of Ayres, the Court concludes that Defendants had an arguable legal basis for asserting federal question jurisdiction in this case.